**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HARSH NAYYAR,

          Appellant,          1:19-cv-00508 (BKS)

v.

JOSHUA MARTIN CHARLES,

          Appellee.

HARSH NAYYAR,

          Appellant,          1:19-cv-00510 (BKS)

v.

JOSHUA MARTIN CHARLES,

          Appellee.

**Appearances:**

*Appellant pro se:*
Harsh Nayyar
New York, NY 10128

*Appellee pro se:*
Joshua Martin Charles
Red Hook, NY 12571

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Presently before the Court are *pro se* Appellant Harsh Nayyar's appeals from two orders issued by United States Bankruptcy Judge Robert E. Littlefield on April 15, 2019 in connection with a Chapter 7 bankruptcy proceeding filed by Joshua Martin Charles (Bankruptcy Petition No.

18-10075) and a related adversary proceeding (Adversary Proceeding No. 18-90020-1). In Docket No. 19-508, Nayyar appeals from the bankruptcy court's order denying his motion to reconsider the court's order denying his motion to dismiss the bankruptcy case ("*Nayyar I*"). (*Nayyar I*, Dkt. No. 1). In Docket No. 19-510, Nayyar appeals from the bankruptcy court's order dismissing Nayyar's third amended complaint in the related adversary proceeding ("*Nayyar II*"). (*Nayyar II*, Dkt. No. 1). For the reasons set forth below, the bankruptcy court's orders are affirmed.

## II. BACKGROUND OF THE PROCEEDINGS

On January 24, 2018, Charles filed a Chapter 7 petition for bankruptcy. (*Nayyar I*, Dkt. No. 3-1). Charles's only debt was a state court judgment of $5,266.69 owed to Nayyar. (*Id.* at 27).[1] On July 18, 2018, Nayyar filed a motion to dismiss the bankruptcy proceeding arguing that: Charles's debt was nondischargeable under 11 U.S.C. § 523 (a)(19)(B)(i) and (iii); that the case should be dismissed based upon Charles's failure to comply with various obligations imposed on a debtor in 11 U.S.C. § 521; and that the court should hold Charles in contempt and impose sanctions against him. (*Nayyar I*, Dkt. No. 3-9). The bankruptcy court held a hearing on Nayyar's motion on August 15, 2018 and, on August 23, 2018, denied the motion. (*Nayyar I*, Dkt. No. 3-19). Nayyar filed a motion to reconsider that decision on September 13, 2018. (*Nayyar I*, Dkt. No. 4-2).

Shortly after filing his motion to dismiss the bankruptcy proceeding, Nayyar filed an adversary complaint under 11 U.S.C. § 727 and 11 U.S.C. § 523 objecting to the discharge of

---

[1] The judgment is the result of a landlord tenant dispute between Nayyar and Charles and a state court action brought by Nayyar, who had rented a single-family home to Charles. (*Nayyar I*, Dkt. No. 3-8, at 1-2). The state court found that Nayyar failed to establish that Charles breached the 18-month lease agreement, "as [Nayyar] had constructively evicted" Charles, but awarded Nayyar $2,681.75 for unpaid rent, utilities, and damage to the premise. (*Nayyar I*, Dkt. No. 3-8, at 5-7.). Including interest, a final judgement was entered in Nayyar's favor for $5,266.69 on August 26, 2015. (*Nayyar II*, Dkt. No. 5-26, at ¶ 23).

Charles's debt. (*Nayyar II*, Dkt. No. 5-1). On September 14, 2018, Charles filed a motion to dismiss the adversary proceeding. (*Nayyar II*, Dkt. No. 5-5). Nayyar subsequently amended his adversary complaint.[2] In the operative third amended complaint at issue here, Nayyar alleged twelve causes of action, nine of which object to discharge or dischargeability under provisions in 11 U.S.C. § 727(a) and 11 U.S.C. § 523(a). Nayyar alleged that the debt was nondischargeable due to Charles's own conduct as a tenant and over the course of the bankruptcy proceeding, including: entering into the lease for the Premise without intending to fulfill it, (*id*. at 9); intentionally causing damage to the Premise, (*id*. at 11); acting to delay the Chapter 7 case, (*id*. at 13); concealing financial information, (*id*. at 15, 30, 33); lying under oath (*id*. at 20); and failing to file a certificate of completion for a required financial management course, (*id*. at 35).

On April 15, 2019, the bankruptcy court granted Charles's motion to dismiss and dismissed the third amended complaint with prejudice. (*Nayyar II*, Dkt. No. 4, at 7-30). That same day the bankruptcy court denied Nayyar's motion to reconsider the order denying his motion to dismiss the bankruptcy proceedings. (*Nayyar I*, Dkt. No. 1-1). Nayyar filed timely appeals from both orders.

### A. Decision Denying Motion for Reconsideration (*Nayyar I*)

The bankruptcy court construed Plaintiff's motion to reconsider "as one pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024." (*Nayyar I*, Dkt. No. 1-1, at 2). Although the bankruptcy court noted that Nayyar did not "specify a subsection" of Rule 60(b) under which he sought relief, the

---

[2] Nayyar filed an amended complaint on October 4, 2018, (*Nayyar II*, Dkt. No. 5-7), and a second amended complaint on October 5, 2018, (*Nayyar II*, Dkt. No. 5-9), prior to the return date of the motion to dismiss, (*Nayyar II*, Dkt. No. 5-6). Because Nayyar filed the second amended complaint without leave, it was deemed improper. (No. 18-cv-90020, Dkt. No. 32). On January 10, 2019, Nayyar sought leave to file a third amended complaint, (*Nayyar II*, Dkt. No. 5-23), which was granted on January 15, 2019, (*Nayyar II*, Dkt. No. 5-24). Nayyar filed the third amended complaint on January 31, 2019. (*Nayyar II*, Dkt. No. 5-26).

court concluded that Nayyar "primarily argues that this Court erred, as a matter of law, in denying the Underlying Motion" and therefore the motion fell "within Rule 60(b)(1) as a mistake of law." (*Nayyar I*, Dkt. No. 1-1, at 3-4).[3] The bankruptcy court concluded that Nayyar was not entitled to relief under Rule 60(b)(1), because Nayyar had "provided no basis to reconsider denying dismissal." (*Nayyar I*, Dkt. No. 1-1, at 6). The bankruptcy court rejected Nayyar's primary argument, that Charles's failure to timely file a certificate of completion of a course in personal financial management warranted dismissal of the entire bankruptcy action, noting that "this Court cannot ever recall dismissing a case in which a debtor took the required course and filed the appropriate certificate, but did not do so timely." (*Nayyar I*, Dkt. No. 1-1, at 6).

The bankruptcy court also rejected Nayyar's argument that it should reconsider its decision not to hold Charles in contempt based on Charles's failure to comply with the court's statements "summarz[ing] agreements between the parties," because the bankruptcy court found that those statements were not "clear and unambiguous orders of the court" whose violation would support a finding of contempt. (*Nayyar I*, Dkt. No. 1-1, at 7). Finally, the bankruptcy court found no basis to reconsider denying its decision to deny sanctions based on allegedly false statements under oath by Charles because Nayyar "still has not provided the Court with a valid legal basis for monetarily sanctioning the Debtor for any of the allegedly false statement and oaths." (*Nayyar I*, Dkt. No. 1-1, at 8). The bankruptcy court noted that these allegations "are more properly addressed . . . in the context of Nayyar's adversary proceedings." (*Nayyar I*, Dkt. No. 1-1, at 8).

---

[3] The bankruptcy court found that Nayyar could not seek reconsideration "based on newly discovered evidence pursuant to Rule 60(b)(2)" because Nayyar admitted to having received the transcript that he claimed was "newly discovered evidence" before filing the motion to dismiss. (*Nayyar I*, Dkt. No. 1-1, at 4). The bankruptcy court also found that relief was not warranted under Rule 60(b)(3) for fraud, misrepresentation or misconduct because Nayyar did not argue that alleged false oaths "prevented him from filing the [motion to dismiss]." (*Nayyar I*, Dkt. No. 1-1, at 4-5).

### B.     Decision Dismissing the Adversary Complaint (*Nayyar II*)

The bankruptcy court considered Nayyar's adversary complaint "under the framework set forth by the Supreme Court in *Iqbal*[4] and *Twombly*[5] while raising the strongest arguments that the Complaint suggests." (*Nayar II*, Dkt. No. 1-1, at 5). Nayyar first alleged that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A), as a debt obtained by false pretenses, because Charles "acted in bad faith when he signed his Lease Agreement" and made a "false representation" that he did not own any pets. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 56-58). The bankruptcy court found that Nayyar had not alleged facts from which "the Court [could] infer fraudulent intent, i.e. that at the time the Debtor signed the lease the Debtor had no intention to perform according to its terms." Nor, with respect to Charles's alleged misrepresentation that he had no pets, did Nayyar allege "the requisite causal connection between the alleged misrepresentation and the damages claimed." (*Nayyar II*, Dkt. No. 1-1, at 6-8).

In his second cause of action, Nayyar alleged that damage caused to the Premises by Charles was nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because Charles acted with "a malicious and total disregard for the property and well-being" of Nayyar. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 66-67, 71). The bankruptcy court found that "although the allegations regarding physical damage to the Premises are extensive, the damage is not of the nature that the Court can reasonably draw an inference of willful and malicious intent solely from the damage allegations," and Nayyar had failed to plead the element of intent, only noting that Charles "hated him." (*Nayyar II*, Dkt. No. 1-1, at 9-10). In his third cause of action Nayyar alleged that the entire bankruptcy case should be dismissed pursuant to 11 U.S.C. § 707(a) for "unreasonable

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

delay by the debtor that is prejudicial to the creditors" because Charles had repeatedly delayed providing information in an effort to "conceal," "hinder[]," and "delay[]." (*Nayyar II*, Dkt. No. 5-26, ¶¶ 78, 80-82). The bankruptcy court found that claim insufficient, noting that "but for this Adversary Proceeding" filed by Nayyar, Charles would have "received his discharge in the ordinary course during August 2018." (*Nayyar II*, Dkt. No. 1-1, at 11).

In his fourth cause of action, Nayyar asserted that the debt was not dischargeable under 11 U.S.C. § 727(a)(2)(A)–(B) because Charles had refused to provide various financial documents and therefore "transferred, removed, destroyed, or concealed . . . property of the estate." (*Nayyar II*, Dkt. No. 5-26, ¶ 100). The bankruptcy court noted that Nayyar had not alleged any bad acts that occurred during the one-year period prior to the filing of the bankruptcy petition, as required by § 727(a)(2)(A), and therefore that claim was time barred. (*Nayyar II*, Dkt. No. 1-1, at 11). The bankruptcy court also found that Nayyar's § 727(a)(2)(B) claim failed as a matter of law because "financial documents, such as tax returns, bank records, and income and expense reports" could not be construed as "property of the estate," and therefore did not fall under the scope of that provision. (*Nayyar II*, Dkt. No. 1-1, at 12).

In his fifth cause of action, Nayyar alleged that the court should deny a discharge under 11 U.S.C. § 727(a)(3) and sanction Charles because he "destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained." (*Nayyar II*, Dkt. No. 5-26, ¶¶ 113-14). The bankruptcy court found that Nayyar's allegations could not "form the basis of a plausible claim under Section 727(a)(3)" because Charles was never obligated to provide the information on which Nayyar's claims were based. (*Nayyar II*, Dkt. No. 1-1, at 13-14).

In his sixth cause of action, Nayyar alleged that, under 11 U.S.C. § 727(a)(4)(A), Charles "knowingly, deliberately and fraudulently" made numerous false statements over the course of the bankruptcy proceeding rendering Charles's debt nondischargeable. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 116-70). The bankruptcy court found that many of the alleged false statements could not "form the basis of [the] cause of action because they are not sworn to," "were not made in connection with [the] case," or did "not fall within the scope of Section 727(a)(4)(A)." (*Nayyar II*, Dkt. No. 1-1, at 15-16). As to the remaining allegations of false statements, the bankruptcy court noted that the complaint failed "to allege any facts from which the Court can infer the allegedly false oaths were made with the requisite fraudulent intent" or requisite materiality. (*Nayyar II*, Dkt. No. 1-1, at 16-18).

In his seventh cause of action Nayyar alleged that 11 U.S.C. § 727(a)(5) barred the discharge of Charles's debt, because Charles had "failed to explain satisfactorily, before determination of denial of discharge" "any loss of assets or deficiency of assets to meet the debtor's liabilities," including the receipt of a $6,491.00 tax refund for the 2016 tax year. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 177, 179). The bankruptcy court found that "[t]he fact that the Debtor received but no longer has the [tax] refund is not sufficient to allege a loss of assets within the meaning of the statute" and Nayyar's "conclusory" allegations that Charles "failed to explain why he was unable to pay the Judgment" were insufficient to support his claim. (*Nayyar II*, Dkt. No. 1-1, at 19).

In his eighth cause of action Nayyar alleged that the debt was not dischargeable under 11 U.S.C. § 727(a)(6)(A) and Charles was in contempt of court because Charles had "refused in the case to obey lawful orders of the court, other than an order to respond to a material question or to testify." (*Nayyar II*, Dkt. No. 5-26, ¶ 187). The bankruptcy court found that this claim failed

because "the exchanges at the Rule 2004 examination cited by Nayyar do not amount to orders upon which the Court could make a finding of contempt, much less denial of discharge." (*Nayyar II*, Dkt. No. 1-1, at 20-21).

In his ninth cause of action Nayyar alleged that 11 U.S.C. § 727(a)(7) warranted a denial of discharge because Charles had committed various acts, including transferring title of his car, "conceal[ing] with an intent to defraud" by not providing various tax returns, and lying about whether he was married. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 191, 195, 198). The court found that Nayyar had failed to state a claim under 11 U.S.C. § 727(a)(7) because the statute requires a bad act to have been committed in connection with another bankruptcy case, and "Nayyar has not alleged that any other related bankruptcy cases exists." (*Nayyar II*, Dkt. No. 1-1, at 21).

In his tenth cause of action Nayyar alleged that the debt was not dischargeable under 11 U.S.C. § 727(a)(11) because Charles did not file a certificate of completion for a personal finance course within the required time period. (*Nayyar II*, Dkt. No. 5-26, ¶¶ 203-07). The bankruptcy court noted that it "may, at any time and in its discretion, enlarge the time to file" "the financial management certificate" and had done so, *sua sponte*, in its order denying Nayyar's motion to reconsider, rendering it timely filed. (*Nayyar II*, Dkt. No. 1-1, at 22).

Nayyar objected to discharge under 11 U.S.C. § 727(b) and 11 U.S.C. § 727(c)(1) in counts eleven and twelve, (*Nayyar II*, Dkt. No. 5-26 ¶¶ 209, 213), but the bankruptcy court found that, as these sections "establish[] the scope of a Chapter 7 discharge" and "provide[] the mechanism by which a creditor may object to a chapter 6 debtor's discharge," respectively, and are not independent grounds upon which a court may deny discharge, these causes of action should be dismissed. (*Nayyar II*, Dkt. No. 1-1, at 22). Having addressed each of Nayyar's twelve

causes of action, the bankruptcy court dismissed the complaint in its entirety, with prejudice and without leave to amend. (*Nayyar II*, Dkt. No. 1-1, at 23).

### III. DISCUSSION

#### A. *Nayyar I*

In *Nayyar I*, Nayyar appeals from the bankruptcy court's denial of his motion to reconsider. Because only appeals from "final judgments, orders, and decrees" of the Bankruptcy Court may be appealed to a district court as of right, the Court must first determine whether Nayyar's appeal is from a final judgement or order. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). "An order is final 'if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case.'" *Yerushalmi v. Shiboleth*, 405 B.R. 44, 47 (E.D.N.Y. 2009) (citing *In re Penn Traffic Co.*, 466 F.3d 75, 77-78 (2d Cir. 2006)). "The order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Fugazy Express*, 982 F.2d 769, 776 (2d Cir. 1992).

The bankruptcy court construed Nayyar's motion as a motion for relief under Rule 60(b). Rule 60(b) only permits relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). An order denying relief under Rule 60(b) is generally considered a final, appealable order. *In re Indian Motorcycle Co., Inc.*, 289 B.R. 269, 276 & n.12 (B.A.P. 1st Cir. 2003); *see also Hines v. Seaboard A.L.R. Co.*, 341 F.2d 229, 231 (2d Cir. 1965) ("It is well established that the denial of a motion under Rule 60(b) is appealable.") (citing *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616, 618 (2d Cir. 1951). Therefore, the Court will consider the bankruptcy court's decision denying the motion to reconsider a final order.

A bankruptcy court's decision to deny a Rule 60(b) motion is reviewed for abuse of discretion. *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 11-cv-3313, 2012

9

WL 527426, at *2, 2012 U.S. Dist. LEXIS 21740, at *6 (S.D.N.Y. Feb. 16, 2012), *aff'd* 489 F. App'x 519, 520 (2d Cir. 2012) (quoting *Delcarpio v. Ticconic*, 124 F. App'x 71, 72 (2d Cir. 2005)). "A bankruptcy court abuses its discretion when it arrives at a decision that (i) rests 'on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (ii) 'a decision that, thought not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions.'" *Unsecured Claims Est. Representative of Teligen, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 224 (S.D.N.Y. 2005) (quoting *Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 678 (2d Cir. 2003)).

In his brief on appeal, Nayyar raises numerous objections to the entirety of the bankruptcy proceeding and the denial of the motion to dismiss, arguing, inter alia, that Charles engaged in "a persistent pattern of obstruction and lying under oath." (*Nayyar I*, Dkt. No. 31 at 19). The issue before this Court, however, is whether the denial of the Rule 60(b) motion was an abuse of discretion; the Court does not consider Nayyar's arguments as to why his underlying motion to dismiss should have been granted as that decision is not before the Court on this appeal. *See Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 56 (2d Cir. 1999) ("An appeal from the denial of a Rule 60(b) motion 'raises only the question of whether that motion was properly disposed; it is not a vehicle for examining the underlying judgment itself.'").

Nayyar's principal allegations of error concerning the denial of the motion to reconsider is that the bankruptcy court improperly considered Charles's objection and ignored two of Nayyar's submissions. (*Nayyar I*, Dkt. No. 31 at 4, 10, 28). Nayyar argues that the bankruptcy court improperly considered Charles's October 19, 2018 filing, (*Nayyar I*, Dkt. No. 4-7), as a "submission opposing the Motion," (*Nayyar I*, Dkt. No. 1-1 at 2), and used it as a "basis for his

Order" denying reconsideration, (*Nayyar I*, Dkt. No. 31 at 4), despite the fact that Charles's submission never explicitly mentioned the motion to reconsider and was untimely, (*Nayyar I*, Dkt. No. 31, at 10). Nayyar also argues that the bankruptcy court improperly ignored two of Nayyar's supplemental submissions regarding the motion to reconsider. (18-cv-10075, Dkt. No. 83; *Nayyar I*, Dkt. No. 4-10).

The bankruptcy court noted that, "neither [Charles's] opposition nor Nayyar's additional submissions are procedurally proper." (*Nayyar I*, Dkt No. 1-1, at 2). The deadline for any opposition to Nayyar's motion was October 17, 2018, (18-cv-10075, Dkt. No. 77), and Charles filed his submission on October 19, 2018, (*Nayyar I*, Dkt. No. 4-7). In his one-page submission that was filed in both bankruptcy proceedings, Charles objected to "to any and all of [Nayyar's] motions," without citing any legal support. (*Nayyar I*, Dkt. No. 4-7). Nayyar's two supplemental submissions were filed without leave, after the bankruptcy court informed the parties that the motion to reconsider would "be taken under advisement without oral argument," (*Nayyar I*, Dkt. No. 1-1, at 2; Dkt. No. 4-10; 18-cv-10075, Dkt. No. 83).

Given both Nayyar and Charles's *pro se* status, the bankruptcy court "accepted[ed] and considered[ed] all of the submission filed in the interests of a complete record and fairness to both parties." (*Nayyar I*, Dkt. No. 1-1, at 2). To do so was not an abuse of discretion, but rather squarely in line with the Second Circuit's mandate to "liberally" construe and interpret pro se litigant's submissions "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Nayyar's argument that his supplemental submissions were ignored is without merit; the bankruptcy court explicitly acknowledged considering them. (*Nayyar I*, Dkt. No. 1-1, at 2).

The Court has carefully reviewed the other claims Nayyar has raised in *Nayyar I* and found them to be without merit.[6] Having reviewed the order for an abuse of discretion and finding none, the Court affirms the denial of the motion to reconsider.

### B.  *Nayyar II*

In *Nayyar II*, Nayyar appeals from the bankruptcy court's decision dismissing his complaint in the adversary proceeding. (*Nayyar II*, Dkt. No. 1). The dismissal of a complaint for failure to state a claim is reviewed *de novo*, and all well-pleaded facts are accepted as true and considered "in the light most favorable to the plaintiff." *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008) (citing *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007)).

Although Nayyar raises numerous arguments regarding alleged deficiencies in the adversary and bankruptcy proceedings, he does not point to any legal error in the bankruptcy court's analysis. Instead, Nayyar argues two main points: (1) Charles's motion to dismiss was improper because it was untimely and failed to include a certificate of service; and (2) the motion to dismiss was rendered moot by Nayyar's filing of subsequent amended complaints. (*Nayyar II*, Dkt. No. 32).

Nayyar never raised the issue of timeliness with the bankruptcy court. "Generally, a district court reviewing the decision of a bankruptcy court 'will not consider an issue raised for the first time on appeal.'" *Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 585 B.R. 41, 60 (S.D.N.Y. 2018). Nayyar did not allege that Charles's motion to dismiss was untimely in his opposition to the motion to dismiss, (*Nayyar II*, Dkt. No. 5-13), nor did he raise it in

---

[6] Nayyar's claim, for example, that the bankruptcy court ignored evidence attached to his motion for reconsideration, including the transcript of the Rule 2004 examination, is belied by the fact the bankruptcy court explicitly considered that transcript. (*Nayyar I*, Dkt. No. 1-1, at 4).

supplemental objections he submitted, (18-cv-90020, Dkt. No. 29). Because Nayyar did not raise this argument with the bankruptcy court, he has waived it on appeal.

In any event, Nayyar's contention that the motion to dismiss was improperly filed is without merit. Nayyar argues that the motion to dismiss was untimely under Federal Rule of Civil Procedure 12(a)(1)(A)(i), which requires that an answer be served within 21 days after service of a summons and complaint. (*Nayyar II*, Dkt. No. 32, at 7). However, Federal Rule of Bankruptcy Procedure 7012(a) determines how long a defendant has to serve an answer. Fed. R. Bankr. P. 7012(a) ("[T]he defendant shall serve an answer *within 30 days* after the issuance of the summons, except when a different time is prescribed by the court") (emphasis added). Here, the bankruptcy court issued a summons to Charles on August 15, 2018, and directed that he serve a motion or answer to the complaint within thirty days. (18-cv-90020, Dkt. No. 5). Charles filed the motion to dismiss on August 31, 2018, but it was unsigned. (18-cv-90020, Dkt. No. 8). He filed the signed motion to dismiss on September 14, 2018, within the thirty-day period. (*Nayyar II*, Dkt. No. 5-5); *see* Fed. R. Civ. P. 12(b) ("A motion asserting [defenses such as failure to state a claim] must be made before a pleading if a responsive pleading is allowed."); Fed. R. Bankr. P. 7012(b) (applying Federal Rule of Civil Procedure 12(b) in adversary proceedings). Charles's motion was timely filed, and he was not obligated to file an answer until a decision on the motion to dismiss was rendered. *See* Fed. R. Bankr. P. 7012(a).

Similarly, Nayyar's assertion that the motion to dismiss was considered in "error" and "inadmissible" because a Certificate of Service was never filed as required by Federal Rule of Civil Procedure 5(d)(1)(B)(i) is without merit.[7] The bankruptcy court served the motion to dismiss by mail and filed a certificate of mailing. (18-cv-90020, Dkt. No. 16-1). *See* Fed. R. Civ.

---

[7] Rule 5 is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7005.

P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address–in which event service is complete upon mailing.").[8]

Nayyar's contention that the filing of subsequent amended complaints rendered the pending motion to dismiss moot is also without merit. While "an amended pleading ordinarily supersedes the original and renders it of no legal effect," *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000), "[t]his rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended." *Pettaway v. National Recovery Sols, LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Instead, "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway*, 955 F.3d at 303-04. Here, the bankruptcy court properly considered the motion to dismiss in light of Nayyar's third amended complaint. The bankruptcy court "analyze[d] each of Nayyar's twelve causes of action" in the third amended complaint. (*Nayyar II*, Dkt. No. 4, at 7-30); *Compare Nayyar II*, Dkt. No. 5-1 (eleven causes of action in original complaint) *with Nayyar II*, Dkt. No 5-26 (twelve causes of action in third amended complaint).

The Court has carefully reviewed the other claims Nayyar has raised in *Nayyar II* and found them to be without merit.[9] The bankruptcy court's decision granting Charles's motion to dismiss the adversary complaint is therefore affirmed.

---

[8] Nayyar does not claim that he did not receive the motion to dismiss. The proof of mailing creates a presumption that the motion to dismiss was properly served on Nayyar. *Cablevision Sys. v. Malandra (In re Malandra)*, 206 B.R. 667, 673 (Bankr. E.D.N.Y. 1997) ("[M]ail which is properly addressed, stamped and deposited in the mail system creates a rebuttable presumption of receipt by the party to whom it has been addressed. The presumption applies in bankruptcy cases, and a debtor may invoke the presumption of receipt based upon the court's certificate of mailing.").

[9] The bankruptcy court did not, for example, as Nayyar appears to suggest, make "factual mistakes" by failing to consider factual assertions made by the parties in the state court proceeding. (*Nayyar II*, Dkt. No. 32, at 9-12, 28-29). The bankruptcy court cited to and correctly applied the standard under Fed. R. Civ. P. 12(b)(6) for reviewing the sufficiency of the complaint. (*Nayyar II*, Dkt. No. 1-1, at 4-5). Nayyar's argument that the state court's decision "had

14

IV. **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the bankruptcy court's orders in 18-cv-10075 and 18-cv-90020 are **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: November 4, 2020
       Syracuse, New York

---

no place in the bankruptcy case" is also without merit. A court can take judicial notice of a state court decision on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ho-Shing v. Budd*, 17-cv-4633, 2018 WL 2269245, at *1, 2018 U.S. Dist. LEXIS 83484, at *1-2 (S.D.N.Y. May 17, 2018). Nayyar's assertion that the bankruptcy court did not give appropriate consideration to his pro se status is also without merit. *See Nayyar II*, Dkt. No. 1-1 at 5 (bankruptcy court noted that it must construe a pro se complaint broadly and interpret it to raise the strongest arguments it suggests).